**SIGNED THIS: July 13, 2005**

_____
**THOMAS L. PERKINS
UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BRADLEY S. MCCORKLE, | ) | No. 05-80853 |
| Debtor. | ) | |

**O P I N I O N**

Before the Court is the objection by the Chapter 7 Trustee, Richard E. Barber (TRUSTEE), to the amended claim of exemption by the Debtor, Bradley S. McCorkle (DEBTOR), in accrued commissions which were received after the bankruptcy was filed. A hearing was held on May 5, 2005. The matter was taken under advisement and the parties have filed briefs in support of their positions.

The DEBTOR filed a Chapter 7 petition on February 28, 2005. At the time of the filing of the petition, the DEBTOR was owed commissions for work performed or services rendered prior to the filing of the petition in the amount of $627.98. The DEBTOR claimed an exemption of $533.78 under 735 ILCS 5/12-803, representing eighty-five percent (85%) of the commissions owed and claimed the balance of $94.20 as exempt under the wildcard

exemption. The TRUSTEE objected to the DEBTOR'S claim of exemptions. One day prior to the hearing on the TRUSTEE'S objection, the DEBTOR filed an Amended Schedule B, reducing the amount of accrued commissions to $244.07 and an Amended Schedule C, reducing his claim of exemption under 735 ILCS 5/12–803 to $207.46 and to $36.61 under the wildcard. The TRUSTEE has not objected to the amended schedules.

On June 28, 2005, this Court issued its decision in *In re Edward R. Thum*, 2005 WL 1528705 (Bankr.C.D.Ill., June 28, 2005), holding that a debtor may not claim an exemption in accrued wages under 735 ILCS 5/12-803, because that statutory provision does not create a general exemption, following *Wienco, Inc. v. Scene Three, Inc.,* 29 F.3d 329 (7th Cir. 1994). That ruling applies to the DEBTOR'S claim of exemption in accrued commissions and is dispositive here.[1] The DEBTOR'S claim of exemption under 735 ILCS 5/12-803 will be denied. His right to claim an exemption in that property is allowable only to the extent permitted under the wildcard exemption. According to this Court's calculation, based on Amended Schedule C and the addition of the full amount of the accrued commissions, the DEBTOR has claimed property having a value of $2,747.95 under the wildcard exemption, exceeding the allowable amount by $747.95, and the TRUSTEE'S objection is sustained as to that amount.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

---

[1] As the DEBTOR notes, this same issue was raised in several cases which were pending before the Court at the same time. Although the cases were not procedurally consolidated, prior to reaching its decision in *Thum*, this Court carefully considered all of the arguments made by the DEBTOR in his brief filed in this case, including the DEBTOR'S reference to 735 ILCS 5/2-1402. That section references the wage garnishment caps found in other statutory provisions but does not, itself, purport to create an exemption. Moreover, any argument that 735 ILCS 5/12-803 creates a general exemption in nongarnishable wages is foreclosed by the Seventh Circuit's decision in *Wienco.*

Copies to:
Joel A. Deutsch, Attorney for Debtor, 1825 3rd Avenue, Rock Island, IL 61201
Richard E. Barber, Chapter 7 Trustee, 250 E. Main St., #318, Galesburg, IL 61401
U.S. Trustee, 401 Main Street, Suite 1100, Peoria, IL 61602

###